1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

STANLEY KEITH MIYABARA,

Plaintiff,

v.

ROY GARCIA, et al.,

Defendants.

Case No. 2:20-cv-01893-JAD-EJY

**ORDER**
**and**
**REPORT AND RECOMMENDATION**

Re:  Plaintiff's Initiating Documents (ECF Nos.
1-1 through 1-17)

11    Non-inmate *pro se* Plaintiff Stanley Keith Miyabara filed 294 pages of Initiating Documents

12    with the Clerk of Court in an attempt to commence a civil action in this court.  ECF No. 1-1 through

13    1-17.  These Initiating Documents consist of requests for writs of injunction (ECF Nos. 1-1, 1-3, 1-

14    4, 1-5, 1-9, 1-10), affidavits (ECF Nos. 1-2, 1-6, and 1-17), an "Executive Summary" (ECF No. 1-

15    7), a "Warning" about domestic terrorists (ECF No. 1-8), a "Caution for the Future" (ECF No. 1-14)

16    (internal alterations omitted), financial documents (ECF No. 1-11), a filing titled "The 12

17    Presumptions of Law" (ECF No. 1-12), an "Emergency Declaration and Proclamation (ECF No. 1-

18    13), an Addendum (ECF No. 1-15), and an untitled document questioning whether the Las Vegas

19    Metropolitan Police Department is declining to investigate terrorist cases (ECF No. 1-16).

20    **I.      PLAINTIFF'S INITIATING DOCUMENTS**

21    Plaintiff has not submitted an application to proceed *in forma pauperis*, which he must do

22    pursuant to 28 U.S.C. § 1915(a)(1) and the U.S. District Court for the District of Nevada Local Rule

23    LSR 1-1 if he seeks to proceed without paying the $400.00 filing fee.  Plaintiff also has not paid the

24    $400 filing fee.  Because Plaintiff has met neither requirement to commence his action in this Court,

25    it is premature for the Court to substantively review Plaintiff's Initiating Documents.

26    Moreover, while the Court acknowledges Plaintiff's *pro se* status, his attempt to allege claims

27    in 294 pages is in violation of Fed. R. Civ. P. 8(a)(2) requiring a "short and plain statement of" the

28    claims asserted, as well as Rule 8(d)(1) requiring each allegation to be "simple, concise, and direct."

1    In other words, Plaintiff's claims for relief fail to tie specific facts to specific defendants in a simple,

2    concise or direct manner that would reasonably allow each defendant to understand the link between

3    the alleged conduct and the alleged deprivation of rights.  As a matter of fact, Plaintiff's Initiating

4    Documents fail to provide any coherent factual bases underlying his claims, and contain frivolous

5    stream-of-consciousness allegations about terroristic threats and statements regarding unrelated

6    entities and matters.  Plaintiff's allegations are also so long that they appear to be at least partially

7    duplicative, making it "excessively difficult for individual defendants to formulate proper defenses

8    and [would] subject the [defendants] to unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172,

9    1175 (9th Cir. 1996); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th

10   Cir. 2011) (providing that complaints that are "argumentative, prolix, replete with redundancy, and

11   largely irrelevant" are subject to dismissal under Rule 8) (internal quotation marks omitted).  All of

12   the above is in contravention of Rule 8, which ensures each defendant has "fair notice of what the

13   plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S.

14   336, 346 (2005) (internal citation and quotation marks omitted).

15   **II.   ORDER**

16        Accordingly,

17        IT IS HEREBY ORDERED that the Clerk of Court shall send Plaintiff the approved

18   application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled

19   information and instructions for filing an *in forma pauperis* application.

20        IT IS FURTHER ORDERED that within **thirty (30) court days** from the date of this Order,

21   Plaintiff shall either: (1) file a fully complete application to proceed *in forma pauperis*, on the correct

22   form, in compliance with 28 U.S.C. § 1915(a) and LSR 1-1, or (2) pay the full $400.00 fee for filing

23   a civil action (which includes the $350.00 filing fee and the $50.00 administrative fee).

24        IT IS FURTHER ORDERED that a failure to comply with this Order may result in dismissal

25   of this action with prejudice.

26   **III.   RECOMMENDATION**

27        IT IS HEREBY RECOMMENDED that Plaintiff's Initiating Documents (ECF Nos. 1-1

28   through 1-17) be DISMISSED without prejudice.

1    IT IS FURTHER RECOMMENDED that if Plaintiff so chooses, he may file a complaint

2  correcting the above deficiencies within **thirty (30) court days** from the date of this Order.  The

3  complaint must contain a short and plain statement describing all facts underlying the conduct that

4  constitutes the violations of law Plaintiff alleges.  Fed. R. Civ. P. 8(a)(2).   Although the Federal

5  Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each defendant

6  fair notice of Plaintiff's claims against him/her and Plaintiff's entitlement to relief.

7    IT IS FURTHER RECOMMENDED that any complaint filed by Plaintiff must not exceed a

8  total of thirty pages in length.

9    DATED this 18th day of November, 2020.

10

11                                        _____
                                          ELAYNA J. YOUCHAH

12                                        UNITED STATES MAGISTRATE JUDGE

13

14                                **NOTICE**

15    Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in

16  writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held

17  that the courts of appeal may determine that an appeal has been waived due to the failure to file

18  objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This Circuit has

19  also held that (1) failure to file objections within the specified time and (2) failure to properly address

20  and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

21  factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.

22  1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

23

24

25

26

27

28

3